NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEFFREY M. HARTY, | : | |
| | : | Civil Action No. 16-6779 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |

**LINARES**, District Judge

Currently before the Court is the complaint of Plaintiff, Jeffrey M. Harty. (ECF No. 1). As Plaintiff has been granted *in forma pauperis* status and is a prisoner seeking to sue state officials, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice as all of his claims either are time-barred or fail to state a claim for which relief may be granted.

**I. BACKGROUND**

Plaintiff attempts to raise many claims for violations of his constitutional rights based on various occurrences over the last decade that began with an incident involving his now ex-wife. According to his complaint, in December 2006, Plaintiff reported his ex-wife Blanche Harty to the police for domestic violence and sexual assault. (ECF No. 1 at 11). Following that complaint,

in June 2007, Blanche "retaliated" against him by "using her cop friends" to cover up her actions by having a pair of state judges, Judge Stuart Minkowitz of Morris County and Judge Peter Conforti of Sussex County, issue a restraining order against Plaintiff based on wounds suffered by Blanche, resulting in criminal charges against him. (*Id.* at 7).[1] Plaintiff's prosecution was apparently diverted into the PTI program. (*Id.*). Plaintiff asserts that he was "maliciously prosecuted" as to the unspecified offense, and that his assigned attorney failed to adequately represent him. (*Id.*).

According to Plaintiff, this first arrest eventually resulted in a series of false arrests and malicious prosecutions, resulting in him being arrested for and/or convicted of resisting arrest, assaulting a police officer, violations of local ordinances, obstruction of justice, and the like. (*Id.* at 12-13). Plaintiff also states that, during his various periods of imprisonment between 2007 and June 2014, he has frequently been assaulted by guards, police officers, and other inmates, although Plaintiff provides little more than a series of conclusory allegations as to these incidents. (*Id.* at 12-13). Most of these alleged assaults occurred between 2011 and June 2014. (*Id.*).

The only allegations that Plaintiff makes that arise after June 2014 relate to his being arrested for violations of various restraining orders. The first of these arrests occurred in June 2014, when a New Jersey Superior Court employee reported that Plaintiff violated a restraining order preventing him from contacting court personnel based on Plaintiff speaking with the employee in a coffee shop. (*Id.* at 14). Plaintiff states that this resulted in his being imprisoned for four months in Essex County, and thereafter being committed to Trenton State Psychiatric

---

[1] Plaintiff suggests Judge Minkowitz was involved in the order that was signed by Judge Conforti, and further states that Judge Minkowitz was not yet on the bench at the time. (*Id.*).

2

Hospital for a mental evaluation. (*Id.*). Plaintiff apparently remained committed for six months, and was allegedly "assaulted by Marcus Copeland" while staff did "nothing." (*Id.*). Plaintiff also refers to two other individuals, but does not specify who they are or what relevance they have to his claims. (*Id.*). Plaintiff thereafter alleges that his prosecution for the restraining order offense was undertaken by the prosecutor in retaliation for his reporting Judge Minkowitz for allegedly impersonating a judge before his appointment to the bench. (*Id.*).

Plaintiff next asserts that, in June 2015, he was again arrested for violating that same restraining order when a Shirley McMurray reported him having contact with her. This report led to his being "maliciously prosecuted" once again, resulting in another six months in jail. (*Id.* at 15). Upon his release, Plaintiff alleges he was once again arrested, this time for violating his ex-wife's restraining order which required him to be more than 300 feet from her home. (*Id.*). Plaintiff appears to still be fighting that charge. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A

3

because Plaintiff is a convicted state prisoner who is seeking redress from governmental entities and their employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

In his complaint, Plaintiff attempts to raise several claims in which he asserts that police officers, prosecutors, state judges, prison guards, and private citizens violated his rights pursuant

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A).

4

to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). In his complaint, Plaintiff specifically appears to be raising false imprisonment, malicious prosecution, retaliation, failure to protect, and excessive force claims.

### 1. Malicious Prosecution

Turning first to Plaintiff's various malicious prosecution claims, Plaintiff asserts that the litany of charges he has faced over the last nine years have all been the result of unconstitutional and malicious actions on the part of various prosecutors, pool attorneys, and public defenders. To state a claim for malicious prosecution, a Plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). That a plaintiff's criminal proceedings terminated in his favor is thus a requirement for bringing a malicious prosecution claim. *Id.*

Although Plaintiff raises a handful of different incidents in which he alleges he was maliciously prosecuted, he fails to allege that any of these prosecutions terminated in his favor. Instead, Plaintiff repeatedly mentions his charges being downgraded, or his having pleaded to a lesser offense. Plaintiff does not assert that he has ever been acquitted or had all charges dismissed in any of these incidents, and instead suggests that he has been sentenced to jail time on multiple occasions. Plaintiff has thus failed to allege favorable termination as to any of his malicious prosecution claims, and all of those claims fail to state a claim for relief as a result. *Id.*

### 2. Plaintiff's Trenton State Psychiatric Hospital assault related claims

Plaintiff also claims that he was "assaulted" by a Marcus Copeland, and possibly by two other individuals, during his six month commitment to the Trenton State Psychiatric Hospital. It is not clear when this alleged assault occurred, though it appears to have been sometime after June 2014. Plaintiff provides very few details as to these claims, stating only that he was "attacked and assaulted" resulting in his needing three stitches and that "staff [did] nothing." To the extent that Plaintiff asserts that another inmate/patient attacked him, that claim would fail to state a claim for relief under § 1983 as a fellow inmate/patient would not be acting under color of state law. *See, e.g., Woodyard*, 514 F. App'x at 180 (§ 1983 offers redress only for actions taken by state actors acting under color of state law); *see also Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (§ 1983 does not provide a cause of action against private individuals or those not acting under color of state law).

6

Construing Plaintiff's claims broadly, however, Plaintiff's assertion that staff did nothing to help him could be construed as a claim that staff failed to protect him. A failure to protect claim generally requires that a plaintiff plead that he was held under conditions posing a substantial risk of serious harm, that an official was deliberately indifferent to that risk of harm, and that the deliberate indifference resulted in harm to Plaintiff. *See, e.g., Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015); *Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012). "'Deliberate indifference' in this context is a subjective standard: 'the . . . defendant must actually have known or been aware of the excessive risk to inmate safety.'" *Id.* Here, Plaintiff pleads little more than a conclusory allegation to suggest that hospital staff failed to protect him. He pleads no facts establishing that his attacker had threatened him or that staff otherwise had reason to know that Plaintiff's attacker was in any way a danger to Plaintiff specifically or to all others generally. Thus, Plaintiff has failed to plead facts sufficient to allow the inference that staff should have been aware of an excessive risk to his safety, and has thus likewise failed to show that there was deliberate indifference to such a risk. Plaintiff's failure to protect claim thus fails to state a claim for relief and must be dismissed without prejudice as such.

### 3. Plaintiff's post-June 2014 retaliation claim

The last of Plaintiff's claims, which arises after June 2014,[3] is his claim that the First Assistant Prosecutor of Morris County indicted him for the June 2014 restraining order violation

---

[3] It is not clear exactly when Plaintiff was indicted, tried, and sentenced on this claim, so this Court will assume that this alleged retaliation extends through September 2014 for the purposes of this screening opinion only. If this alleged retaliation had completed prior to September 2014, this claim, too, would be time barred for the reasons discussed below.

7

in "retaliation" for Plaintiff's having filed a complaint against Judge Minkowitz with the State Advisory Committee on Judicial Conduct. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The "key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Thomas*, 463 F.3d at 296 (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)). Where a retaliation claim is based on an allegation of retaliatory prosecution, however, a plaintiff must "allege[] and prove[]" an absence of probable cause. *See Hartman v. Moore*, 547 U.S. 250, 252 (2006).

Here, Plaintiff fails to adequately plead an absence of probable cause. As to that requirement, he does little more than allege in a conclusory fashion that his prosecution for the June 2014 restraining order violation was malicious in nature and instigated by a court employee. Even if Plaintiff had properly alleged probable cause, however, his claim fails for another reason – the only defendant Plaintiff names in the June 2014 related retaliatory prosecution claim is the prosecutor himself. Prosecutors, however, are absolutely immune under § 1983 for their decisions to prosecute, and a retaliatory prosecution claim against them must fail as a matter of law. *Hartman*, 547 U.S. at 261-62. As the only named Defendant for Plaintiff's retaliatory prosecution claim is absolutely immune, Plaintiff's 2014 retaliatory prosecution claim must be dismissed. *Id.*

8

4. **Plaintiff's remaining non-malicious prosecution claims based on events prior to June 2014**

Petitioner's remaining claims all arise out of events that occurred during or before June 2014, including alleged false arrests, incidents of excessive force, and retaliations. Because Plaintiff did not file this matter until September 2016, all of these events occurred more than two years before the filing of Plaintiff's complaint. In New Jersey, actions brought pursuant to 42 U.S.C. § 1983 are subject to a two year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Kach*, 589 F.3d at 634. For false arrest and false imprisonment claims, the statute of limitations runs from the date on which the plaintiff becomes detained pursuant to legal process, such as via a bail hearing, arraignment, or the like. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

All of Plaintiff's pre-June 2014 claims other than the malicious prosecution claims raised above would have accrued, at the latest, by the time Plaintiff was apparently sentenced in June 2014 to four months of imprisonment in Essex County. As all of these claims therefore had accrued more than two years before Plaintiff filed his current complaint, those claims would be time barred absent some basis for the equitable tolling of the statute of limitations. *Kach*, 589 F.3d at 634; *Patyrak*, 511 F. App'x at 195. As Plaintiff has presented no basis for such tolling in his complaint, and as this Court perceives no such basis on the facts alleged therein, Plaintiff's remaining claims must be dismissed as time barred at this time. Because Plaintiff has not yet had

9

an opportunity to respond to the time bar issue, however, this Court will dismiss those claims without prejudice and permit Plaintiff to raise any basis he may have for the equitable tolling of the statute of limitations in an amended complaint within thirty days.[4]

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint shall be DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave, however, to file an amended complaint within thirty days addressing the deficiencies raised in this Opinion. An appropriate order follows.

 

JOSE L. LINARES
United States District Judge

Dated: November 10, 2016

---

[4] Although this Court need not reach the issue because Plaintiff's claims either are all time barred or fail to state a claim for relief as discussed above, this Court also notes that many of the purported Defendants named by Plaintiff are either improper Defendants or immune from suit under § 1983. *See, e.g., Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (public defenders and assigned counsel immune from suit under § 1983 while acting in their professional capacity as appointed counsel); *Kach*, 589 F.3d at 646 (private actors who are not acting under color of state law not subject to suit under § 1983); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (prosecutors absolutely immune for actions taken within the scope of their duties in initiating and pursuing criminal prosecutions); *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (a "judicial officer in the performance of his or her duties has absolute immunity from suit").