NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

JEFFREY M. HARTY,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civil Action No. 16-6779 (JLL)

**OPINION**

**LINARES**, Chief District Judge:

Currently before the Court is the proposed amended complaint of Plaintiff, Jeffrey M. Harty. (ECF No. 24). As Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, are malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's malicious prosecution claims without prejudice for failure to state a claim for which relief may be granted, and Plaintiff's remaining claims shall be dismissed with prejudice as time barred.

## I. BACKGROUND

Plaintiff filed his initial complaint in this matter in or about September 2016, attempting to raise claims for violations of his constitutional rights by his former wife and various police officers whom he contends conspired with his ex-wife. (ECF No. 1). Following a grant of *in forma pauperis* status, this Court screened Plaintiff's complaint and dismissed it in its entirety in

November 2016, as all of Plaintiff's claims were either time barred or failed to state a claim for which relief could be granted. (ECF Nos. 4-5). Plaintiff thereafter filed a motion for reconsideration of that screening (ECF No. 8), which this Court denied in February 2017. (ECF No. 15). Following multiple letters from Plaintiff seeking to reopen his dismissed complaint, this Court entered an order on June 26, 2017, denying his requests to reopen this matter, but the Court also provided that Plaintiff could file an amended complaint within thirty days. (ECF No. 20). This Court thereafter granted Plaintiff an extension of time within which to file an amended complaint. (ECF No. 22). On August 9, 2017, Plaintiff filed with this Court a document which this Court construes to be Plaintiff's proposed amended complaint. (ECF No. 24).

In his amended complaint, Plaintiff provides numerous excerpts from the United States Constitution, statutes, cases, and secondary sources, but few factual allegations. Essentially, Plaintiff contends that his ex-wife committed some form of sexual and physical assault upon him in December 2006, which he reported to Hanover Township Police Officer Ryan Williams. (ECF No. 24 at 5). Six months later, in June 2007, Plaintiff's ex-wife "retaliate[d]" against him by making an allegedly false report that Plaintiff had assaulted her. (*Id.*). Plaintiff further asserts that, based on this report, "Judge Stuart Minkowitz violate[d]" Plaintiff's Due Process rights in some unspecified fashion. (*Id.*).

Several years later, in June 2010, Plaintiff filed a lawsuit against parties unknown asserting malicious prosecution, defamation, retaliation, and false imprisonment in state court. (*Id.*). According to the amended complaint, Plaintiff was thereafter "retaliated" against by a Sergeant Vitanza of Hanover Township, who charged Plaintiff with assaulting an officer, which led to his being incarcerated for sixteen months. (*Id.*). Plaintiff was thereafter charged with burglary for his entering a judge's chambers without permission in November 2011, resulting in a further seven

months of incarceration. (*Id.*). After being released in June 2012, Plaintiff was charged by Sergeant Vitanza with jaywalking and with assaulting an officer for causing redness to Vitanza's elbow while being arrested for jaywalking. (*Id.*). Petitioner thereafter spent another fourteen months in jail, but was ultimately convicted of a downgraded offense of violating a local ordinance. (*Id.*).[1] Plaintiff was thereafter released, but he was then arrested in October 2013 for obstruction of justice and was once again incarcerated for eight months. (*Id.*). At some point during that eight months, between October 2013 and June 2014, Plaintiff was allegedly assaulted by a Morris County Correctional Facility officer named William Guida, who apparently kicked Plaintiff in the ribs. (*Id.*). Although Plaintiff contends that he suffered "4 more years" of malicious prosecutions, retaliations, and vindictive behavior by his ex-wife and her police officer accomplices, Plaintiff does not explain what else occurred. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. District courts must *sua sponte* dismiss any claim that is

---

[1] On page five of the amended complaint, Plaintiff alleges this occurred in June 2012. On page 12, however, he states that this arrest and his fourteen month incarceration occurred in June 2013 and ran through August 2014. (ECF No. 24 at 5, 12). Although Plaintiff also asserts that one of the charges, the assaulting an officer charge was "dismissed" he also clearly states in multiple places that his charges in the June 2012 incident resulted in a downgraded ordinance charge of which he was convicted. (*Id.* at 12-13). Because Plaintiff states that he was incarcerated between October 2013 and June 2014 on a different charge, this Court assumes for the sake of this opinion that the jaywalking/assault incident occurred in June 2012 rather than June 2013, and that the fourteen month incarceration thus occurred between June 2012 and August 2013. This Court's decision would not change were the incarceration instead between June 2013 and August 2014.

3

frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

In his complaint, Plaintiff attempts to raise several claims in which he asserts that his ex-wife, police officers, a state judge, and a corrections officer violated his rights pursuant to 42

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In his amended complaint, Plaintiff specifically appears to be raising false imprisonment, malicious prosecution, retaliation, excessive force, and Due Process claims. All of the claims that have been presented by Plaintiff in his amended complaint, however, address events which occurred in or before June 2014.

1. **Plaintiff's non-malicious prosecution claims are time barred[3]**

All of Plaintiff's non-malicious prosecution claims, including his retaliation, excessive force, false imprisonment, and Due Process claims, concern events which occurred in or before June 2014, more than two years before Plaintiff filed his initial complaint in September 2016. As this Court previously explained to Plaintiff,

> In New Jersey, actions brought pursuant to 42 U.S.C. § 1983 are subject to a two year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law,

---

[3] Because malicious prosecution claims do not accrue until such time as the underlying conviction, if any, resulting from the prosecution is invalidated, *see, e.g., Wallace v. Kato*, 549 U.S. 384, 392-94, 397 (2007), and Plaintiff has not pled that such an invalidation has yet occurred, it does not appear that any of Plaintiff's malicious prosecution claims have accrued at this time, and those claims are not yet subject to a time bar dismissal.

5

> a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). For false arrest and false imprisonment claims, the statute of limitations runs from the date on which the plaintiff becomes detained pursuant to legal process, such as via a bail hearing, arraignment, or the like. *Wallace v. Kato*, 549 U.S. 384, 397 (2007).
>
> All of Plaintiff's . . . claims other than the malicious prosecution claims [discussed below accrued], at the latest, by . . . June 2014[.] As all of these claims therefore had accrued more than two years before Plaintiff filed his [initial] complaint, those claims would be time barred absent some basis for the equitable tolling of the statute of limitations. *Kach*, 589 F.3d at 634; *Patyrak*, 511 F. App'x at 195.

(ECF No. 4 at 9).

Despite Plaintiff's filing of numerous letters, motions, and his amended complaint, Plaintiff has provided this Court with no basis for the equitable tolling of the the statute of limitations for his non-malicious prosecution claims contained in his amended complaint. As Plaintiff has failed to provide any basis for equitable tolling, as this Court perceives no basis for the equitable tolling of the limitations period based on the record before the court, and as all of Plaintiff's non-malicious prosecution claims accrued more than two years before Plaintiff filed his initial complaint in this matter, Plaintiff's non-malicious prosecution claims are well and truly time barred. This Court will therefore dismiss all of the non-malicious prosecution claims contained in Plaintiff's amended complaint with prejudice as time barred. *Kach*, 589 F.3d at 634; *Patyrak*, 511 F. App'x at 195.

**2. Plaintiff fails to state a claim for relief as to his malicious prosecution claims**

All of Plaintiff's remaining claims assert that he was maliciously prosecuted for various charges. As this Court has explained to Plaintiff, a claim for malicious prosecution requires a Plaintiff plead the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014). That a plaintiff's criminal proceedings terminated in his favor is thus a requirement for bringing a malicious prosecution claim. *Id.*

Although Plaintiff's amended complaint is rife with conclusory allegations of malicious prosecution, Plaintiff does not make any allegations as to favorable termination as to any of his malicious prosecution claims, save for the jaywalking incident in June 2012. While Plaintiff asserts that some charges were dismissed in relation to that incident (ECF No. 24 at 12), Plaintiff clearly states that at least one of the charges survived as a downgraded charge of violating a local ordinance. (*Id.* at 5, 12-13). Thus, even as to that incident, Plaintiff has failed to plead favorable termination as Plaintiff has specifically admitted that at least one of the charges he received from that incident survived in the form of the downgraded offense. *See, e.g., Kossler v. Crisanti*, 564 F.3d 181, 187-89 (3d Cir. 2009) (dismissal of one charge is not a favorable termination where Plaintiff was convicted of another charge that arose out of the same facts); *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (even a dismissal is not a favorable termination where the accused entered into a compromise with prosecutors or surrendered something of value to obtain that outcome). Plaintiff has thus failed to plead facts establishing favorable termination as to any of his malicious prosecution claims, and those claims must once again be dismissed without prejudice for failure to state a claim for relief.

## III. CONCLUSION

For the reasons stated above, Plaintiff's malicious prosecution claims shall be DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief, and Plaintiff's remaining claims are DISMISSED WITH PREJUDICE as time barred. An appropriate Order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated: August 31, 2017